**Alonzo O. BLISS and Dawn H. Bliss**

v.

**The UNITED STATES.**

**No. 9–64.**

United States Court of Claims.

March 17, 1967.

---

Scott P. Crampton, Washington, D. C., attorney of record, for plaintiffs. Stanley Worth and Körner, Doyle, Worth & Crampton, Washington, D. C., of counsel.

Edward B. Greensfelder, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Mitchell Rogovin, for defendant. Lyle M. Turner and Philip R. Miller, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

OPINION

PER CURIAM:

This case was referred to Trial Commissioner W. Ney Evans with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in a report and opinion filed on July 5, 1966. Exceptions to the commissioner's findings, opinion and recommendation for conclusions of law were filed by plaintiffs. The case was submitted to the court on the briefs of the parties and oral argument of counsel. Since the court is in agreement with the opinion, findings and recommendation of the commissioner, with modifications, it hereby adopts the same, as modified, as the basis for its judgment in this case, as hereinafter set forth. Plaintiffs are, therefore, not entitled to recover and the petition is dismissed.

Commissioner Evans' opinion,* as modified by the court, is as follows:

By this action plaintiffs seek to recover $1,512.32 representing a deficiency in income taxes assessed for the calendar year 1955 (and duly paid) upon the dis-

---

* The opinion, findings of fact, and recommended conclusion of law are submitted under the order of reference and Rule 57(a).

allowance of a deduction by taxpayers of $7,980.66 in expenses incurred during that year in the prosecution of an action for declaratory judgment to invalidate the will of Arthur L. Bliss, half brother of plaintiff Alonzo O. Bliss.

The issue is whether or not the expenses were incurred "for the management, conservation, or maintenance of property held for the production of income" within the meaning of section 212 of the Internal Revenue Code of 1954. The plaintiff, Alonzo O. Bliss, was not engaged in a trade or business in 1955, wherefore section 162 of the Code has no application.

Plaintiffs would equate the expenses to those incurred in proxy contests, as in Graham v. Commissioner of Internal Revenue, 326 F.2d 878 (4th Cir. 1964), and Surasky v. United States, 325 F.2d 191 (5th Cir. 1953).[1]

Defendant contends that the expenses arose out of (1) the attempt by plaintiff Alonzo O. Bliss to acquire an inheritance under the intestacy laws, wherefore the expenditures were capital in nature, as in Manufacturers Hanover Trust Co. v. United States, 312 F.2d 785, 160 Ct.Cl. 582, cert. denied, 375 U.S. 880, 84 S.Ct. 150, 11 L.Ed.2d 111 (1963); Wilson v. Commissioner of Internal Revenue, 37 T.C. 230 (1961), aff'd per curiam, 313 F.2d 636 (5th Cir. 1963); and Spangler v. Commissioner of Internal Revenue, 323 F.2d 913 (9th Cir. 1963); and (2) his perseverance in disagreement with and hostility toward his brother, wherefore the expenditures were personal in nature, as in United States v. Gilmore, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963).

The finding of ultimate fact [2] sustains defendant's first contention and is dispositive of the case.

The subsidiary facts may be summarized as follows:

In 1910, Alonzo O. Bliss, Sr., father of the plaintiff Alonzo O. Bliss, owned a number of apartment houses in the District of Columbia. In that year the mother of plaintiff suffered a mental breakdown, in consequence of which her husband thought she might become incompetent and therefore unable to participate with him in real estate transfers, which were essential to the maintenance of his business. The senior Bliss thereupon (in 1911) transferred his real estate holdings to a Massachusetts trust in return for bonds (in the face amount of $2 million) which he then distributed among his children. He also gave some of the bonds to his wife.

The senior Bliss had four children, two sons and two daughters, by a previous marriage. The present plaintiff was the only child of the second marriage. He was 6 years of age when the trust (known as Bliss Properties) was created.

Shortly after the trust was created, a sister of plaintiff's mother instituted court action to have it declared illegal, on the ground that Mrs. Bliss was incompetent when the real estate transfers were executed. While the suit was unsuccessful, it remained pending for quite some time.

In 1920, one of the senior Bliss' sons by his first marriage, Arthur, succeeded in ousting the other son, Harry, from the management of Bliss Properties and in obtaining the appointment of James McD. Shea as manager. For more than 30 years thereafter, Arthur Bliss and Mr. Shea worked closely together in the management of the trust properties.

Throughout most of this time, in fact from the maturity of Alonzo O. Bliss, Jr., in the late 1920's, he was a consistent critic of the trust and its management. Several court actions were instituted by him based upon allegations of mismanagement.

Arthur L. Bliss died in 1953, leaving a will whereby an estate worth some $600,-000 (consisting primarily of the bonds

---

1. Plaintiffs also cite: Petschek v. United States, 335 F.2d 734 (2d Cir. 1964); Locke Manufacturing Cos. v. United States, 237 F.Supp. 80 (D.Conn.1964); and Smith Hotel Enterpises, Inc. v. Nelson, 236 F.Supp. 303 (E.D.Wis.1964).

2. Finding 17(d).

of Bliss Properties) was placed in trust for the payment of income to his widow during her life, with the corpus thereafter to be divided between two nephews (the sons of a sister who had predeceased him).

The will specified remainders over in the event either or both nephews should not survive the widow. The court action wherein the expense now sought to be deducted was incurred was an action filed by the plaintiff Alonzo O. Bliss for a declaratory judgment to invalidate the will on the ground that the remainders over violated the rule against perpetuities. The trial court granted the defendants' motion for summary judgment, and its decision was upheld on appeal.[3]

If taxpayer had prevailed in the will contest, his brother would have been deemed to have died intestate and taxpayer would have inherited one-sixth of the estate, worth approximately $100,000.

The instant case is presented here on the assumption that, if taxpayer had succeeded in gaining the inheritance, the estate would have been divided in kind and taxpayer would have received Bliss Properties bonds in an amount representing some 3.67 percent of the face amount of bonds then outstanding. Taxpayer's contention is that the additional bonds, combined with the 17.56 percent he already held, would have increased his holdings to more than 20 percent of the bonds outstanding; that with the 20 percent plus in his control he would have had sufficient leverage to force the termination of the trust; that upon termination of the trust, the Federal corporate income tax would no longer have been applicable; wherefore, his income would have been increased.[4]

The only conclusion the evidence as a whole will support is that the expenses were incurred in pursuit of an increment of capital.

3. The action was, however, soundly based upon a technical question of law and was therefore not frivolous.

4. It has not been deemed necessary, in view of the conclusion reached, as hereinafter stated, to enter detailed findings pertaining to these contentions or to discuss such details in this opinion.